958 F.2d 1157
 294 U.S.App.D.C. 299
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Anthony J. DIGGS, Appellant.
 No. 91-3249.
 United States Court of Appeals, District of Columbia Circuit.
 April 1, 1992.
 
 1
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges
 
 JUDGMENT
 PER CURIAM
 
 2
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 3
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 5
 Anthony J. Diggs challenges his conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(iii). Diggs contends that he was arrested pursuant to an illegal search and seizure and that he did not consent to the search of his person. Appellant's arguments are unpersuasive.
 
 
 6
 As this court has repeatedly stated, a seizure takes place within the meaning of the Fourth Amendment when "a reasonable person [innocent of wrongdoing] would conclude from the circumstances, and the show of authority, that he was not free to leave the officer's presence." United States v. Winston, 892 F.2d 112, 115 (D.C.Cir.1989), cert. denied, 110 S.Ct. 3277 (1990). In this case, appellant maintains that he reasonably believed that he was not free to leave due to: (1) the alleged act of an officer drawing a gun; and (2) the physical proximity of officers during the encounter.
 
 
 7
 The district court rejected appellant's testimony concerning these matters. Transcript ("Tr.") at 57-58. The court credited the testimony of Detective Oxendine who testified that no officer drew a gun and that the officers did not surround or restrict appellant's liberty in any way. See United States v. Mendenhall, 446 U.S. 544, 551 (1980). Tr. at 57. As the trial court's factual findings, based on demeanor evidence and credibility assessments, are not clearly erroneous, this court is bound by these findings. See United States v. Brady, 842 F.2d 1313, 1315 (D.C.Cir.1988); see also United States v. Lloyd, 868 F.2d 447, 451 (D.C.Cir.1989).
 
 
 8
 Appellant further asserts that the encounter constituted a Fourth Amendment seizure due to the location and time of the interview. Although the encounter occurred at three in the morning, on a street outside the bus terminal, the interview took place on a major street, North Capitol, two blocks away from the terminal and immediately following the arrival of a bus. At least one woman was walking down the street at the time. Tr. at 6, 27, 42. While the location is certainly more isolated than a bus terminal, the location and time of the encounter, without more, do not establish that a reasonable person would not feel free to walk away. See United States v. Winston, 892 F.2d 112, 115 (D.C.Cir.1989), cert. denied, 110 S.Ct. 3277 (1990) (one a.m. interview by interdiction officer on street outside bus terminal did not render encounter coercive).
 
 
 9
 Appellant also contends that the trial court failed to state its essential factual findings on the record. See Fed.R.Crim.P. 12(e). The district court's reasoning and essential factual findings, however, are easily ascertained here and the court's ruling is supported by a reasonable view of the evidence. See United States v. Caballero, 936 F.2d 1292, 1296 (D.C.Cir.1991).
 
 
 10
 For these reasons, we affirm the district court's denial of appellant's suppression motion. In light of controlling precedent and the district court's credibility determinations, the record supports the conclusions that a reasonable person would have felt free to say "No" and that appellant voluntarily consented to the search.